IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES A. HALL                                                                                         PLAINTIFF

          v.                    Civil No. 3:22-cv-03066-TLB

CATHERINE LEE MALONEY RUSSELL
HALL GARRISON                                                                                     DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, James A. Hall, has filed this action asserting a claim for breach of contract. He proceeds *pro se* and has sought leave to proceed *in forma pauperis* ("IFP"). The Honorable Timothy L. Brooks has referred to the undersigned, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the issues of whether IFP status should be granted and whether the Complaint should be served. The case is, therefore, before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2).

### I.     BACKGROUND

According to the allegations of the Complaint (ECF No. 1), Plaintiff and the Defendant entered into a Prenuptial Agreement in the State of Oklahoma on March 14, 2008. *Id.* at 3. Plaintiff apparently had two children prior to his marriage to Defendant. The agreement included a clause providing that in the event of divorce Plaintiff would retain sole and exclusive custody of the children. *Id.* at 4.

Plaintiff filed for divorce in Arkansas alleging that Defendant had abused the children. (ECF No. 1 at 4). According to Plaintiff, the Arkansas judge "denied the Oklahoma Prenuptial Agreement and granted custody of three of the five children to the abusive defendant." *Id.*

Plaintiff further alleges that all contact between him and his five children "was cut off." *Id.*

As relief, Plaintiff prays for the immediate enforcement of the Prenuptial Agreement; the "equivalent of attorney fees" for the entirety of the divorce proceeding; compensation for the loss of the parental/child relationship in excess of $1,000,000; and emotional damages in excess of $1,000,000. (ECF No. 1 at 5). Plaintiff also asks that Defendant be ordered to take out a paid public advertisement apologizing to him, clearing his name in all matters; for the withdrawal of all legal complaints, including Defendant's claims of harassment and request for attorney's fees; and compensation to each child of the Plaintiff of more than $1,000,000 for the loss of their sibling and parental relationships. *Id*.

## II.     APPLICABLE STANDARD

The Court is obligated to screen a case in which the Plaintiff seeks to proceed IFP as early as possible and prior to service of process being issued. On initial review, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c), seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The essential function of a

complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citation omitted).

The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must set forth [a claim] in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (cleaned up).

### III.   DISCUSSION

Plaintiff seeks to establish diversity jurisdiction over this breach of contract action pursuant to 28 U.S.C. § 1332. He alleges he was a citizen of Oklahoma at the time the Prenuptial Agreement was signed, although he indicates he is currently a citizen of Arkansas. (ECF No. 1 at 3). Plaintiff further alleges the Defendant is a citizen of Arkansas. *Id.*

To establish diversity jurisdiction, two requirements must be met: (1) the parties must be citizens of different states; and (2), the amount in controversy must exceed $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4d 830, 839 (8th Cir. 2022) (cleaned up). Citizenship

is determined by the facts that existed at the time of filing. *Id.* Here, at the time the Complaint was filed, both parties were citizens of Arkansas. As such, the Court does not have diversity jurisdiction. Thus, the Court lacks subject matter jurisdiction.

Further, Plaintiff is essentially asking this Court to overrule or set aside the decision made by the Arkansas court regarding the Prenuptial Agreement and his divorce. "The Rooker-Feldman doctrine prohibits lower federal courts from exercising appellate review of state court judgments." *Skit Int'l, Ltd. V. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fed. Trust Co.*, 263 U.S. 413, 416 (1923)).

## IV.  CONCLUSION

For the reasons stated, it is recommended that this case be DISMISSED WITHOUT PREJUDICE for: (1) lack of subject matter jurisdiction, and (2) because the *Rooker-Feldman* doctrine precludes review of state court decisions. It is further recommended that the application to proceed IFP (ECF No. 2) be DENIED as moot.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of November 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE